UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Douglas Pinner d/b/a Pinner Energy, | ) | C/A No. |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | **NOTICE OF REMOVAL** |
| Versus | ) | |
| | ) | |
| Hiscox Insurance Company, Inc., | ) | |
| | ) | |
| *Defendant*. | ) | |

TO:   SUSAN ELIZABETH SANTILLI, ATTORNEY FOR THE PLAINTIFF:

**PLEASE TAKE NOTICE** that the Defendant, Hiscox Insurance Company, Inc. (hereinafter "Hiscox"), has this day filed in the Office of the Clerk of the United States District Court for the District of South Carolina for the above-captioned Division, a Notice for Removal of the above-entitled action from the State Court of South Carolina in the Circuit Court for the County of Charleston, South Carolina, to the District Court of the United States for the District of South Carolina, for the above-captioned Division. In support of the removal, Hiscox states as follows:

1.     The above-entitled action was instituted by the Plaintiff against the Defendant on October 18, 2024 and this action is currently pending in the State Court of South Carolina in the Circuit Court for the County of Charleston.

**REMOVAL IS TIMELY**

2.     On October 25, 2024, the South Carolina Department of Insurance accepted service of Plaintiff's Summons and Complaint on behalf of Hiscox pursuant to S.C. Code § 15-9-270.

3.     This notice of removal is filed within 30 days of the acceptance of service by the South Carolina Department of Insurance on Hiscox's behalf and, therefore, is timely under 28

U.S.C. § 1446(b). *See Skidaway Assoc., Ltd. v. Glens Falls Ins. Co.*, 738 F. Supp. 980, 982 (D.S.C. 1990). A copy of all process, pleadings and orders served upon it in this action are attached to this Notice of Removal as <u>Exhibit A</u>.

## **THERE IS DIVERSITY OF CITIZENSHIP**

4. This is a civil action that may be removed to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

5. At the time of the commencement of this action, Plaintiff was and, upon information and belief, remains, a citizen and resident of Charleston County, South Carolina.

6. At the time of the commencement of the action, Plaintiff was, and still is, a limited liability corporation organized and existing under the laws of the State of South Carolina.

7. At the time of the commencement of the action, Hiscox was, and still is, organized and existing under the laws of the State of Illinois and having its principal place of business within the State of Illinois. Therefore, Hiscox is a citizen of the State of Illinois and is domiciled in the State of Illinois.

8. Based on the foregoing, complete diversity exists between the parties in this matter.

9. The United States District Court for the District of South Carolina has original jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1332. All parties to this action are diverse as citizens of different states as a corporation is considered a citizen of any state in which it has been incorporated or any state where it has its principal place of business.

## **THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**

10. Plaintiff's Complaint demands judgment against the Defendant for actual damages and punitive damages well over $75,000.00. Plaintiff seeks coverage in connection with an underlying lawsuit filed against it based on Hiscox's alleged failure to defend and provide coverage

subject to a reservation of rights. *See* Complaint, *Douglas Pinner d/b/a Pinner Energy v. Hiscox Insurance Company, Inc.*, C/A No. 2024-CP-10-05242 contained in Exhibit A ("Underlying Suit").

11.     "When a plaintiff seeks declaratory relief, the amount in controversy for purposes of section 1332 is the 'value of the object of the litigation.'" *Thomas v. Hartford Cas. Ins. Co.*, No.: 3:15-cv-01604-RBH, 2015 WL 7313864, at *3 (D.S.C. Nov. 20, 2015) (citing *Toler v. State Farm Mut. Auto. Ins. Co.*, 25 F. App'x 141, 143 (4th Cir. 2001) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). "In determining whether the 'value of the object of the litigation' is sufficient to satisfy the amount in controversy requirement, the Court should grant a dismissal only where it appears to a *legal certainty* that the controversy involves less than $75,000." *Id.* (quoting *Tolbert v. Cook*, No. CA 8:13-03312-GRA, 2014 WL 1652434, at *2 (D.S.C. Apr. 23, 2014)). "In this circuit, it is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Id.* (quoting *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (alteration in original) (internal citations omitted)). "In other words, the amount in controversy requirement is satisfied if either the gain to the plaintiff or the cost to the defendant exceeds $75,000." *Id.* (citing *Tolbert*, 2014 WL 1652434, at *2).

12.     When this action was filed in state court, the object of the litigation was Pinner's demand that Hiscox provide it with a defense of the Underlying Suit subject to a reservation of rights for coverage of the claim. As a result of Hiscox's alleged refusal to provide Pinner with a defense and coverage for the Underlying Suit, Plaintiff now seeks declaratory judgment that Hiscox is obligated to tender a defense with a reservation of rights for coverage of the claim. *See*

3

Complaint at ¶¶ 35-36, contained in <u>Exhibit A</u>.  Plaintiff also seeks an award of attorneys' fees and costs.  *Id*. at Wherefore ¶.

13.   First, it is apparent from a review of the pleadings in the Underlying Suit that the damages sought in the Underlying Suit exceed $75,000.  The Amended Complaint filed in the Underlying Suit alleges that the underlying plaintiff (Mappus) paid Plaintiff (Pinner) to lift a house affixed to the real property located at 3551 Old Ferry Road, Johns Island, SC 29455 and move it across the street to another parcel located at 3560 Old Ferry Rd, Johns Island, SC 29455 in exchange for $120,000.00.  <u>Ex. B</u>, Adm. Compl. at ¶ 9, Underlying Lawsuit.  The Amended Complaint filed in the Underlying Suit states that the underlying plaintiff (Mappus) paid Plaintiff (Pinner) a collective sum of $73,500.  *Id*. at ¶ 18.  According to the Amended Complaint, Plaintiff (Pinner) accepted lawful custody of the house in good condition, but returned the house to underlying plaintiff (Mappus) "in a severely damaged and unusable condition." *Id*. at ¶¶ 22–23.  The Amended Complaint in the Underlying Suit asserts that the underlying plaintiff suffered damages because of Plaintiff (Pinner's) failure to reasonably maintain and protect the house, which was ultimately destroyed.  *Id*. at ¶ 24.  The Amended Complaint states that the underlying plaintiff (Mappus) paid Plaintiff (Pinner) a collective sum of $73,500.  *Id*. ¶ at 18.

14.   The Amended Complaint filed in the Underlying Suit seeks actual damages, costs and disbursement of this action, and both pre-judgment and post-judgment interest.  *Id*. at Wherefore ¶.

15.   With respect to punitive damages, attorneys fees and costs, this Court has explained:

> "[C]laims of punitive damages must be included in the calculation of the amount in controversy." *American Health and Life Ins. Co. v. Heyward*, 272 F. Supp. 2d 578, 581 (D.S.C. 2003).  This District court has also taken the same approach regarding consequential damages and attorney's fees and costs.  *See Thompson v. Victoria*

*Fire & Cas. Ins. Co.*, 32 F. Supp. 2d 847 (D.S.C. 1999) (holding that the amount in controversy exceeds $75,000 where complaint sought punitive damages, consequential damages, and attorney's fees and costs beyond the $25,000 in actual damages claimed); *Barker v. Washington Nat'l. Ins. Co.*, C/A No. 9:12-cv-1901-PMD, 2013 WL 1767620, at *2 (D.S.C. April 24, 2013) ("[A]lthough not specifically alleged in the complaint, the actual amount in controversy at the time of removal appears to be at least $40,000. However, because [Plaintiff] seeks actual and punitive damages, attorney's fees, and costs against [Defendants], the total amount in controversy exceeds $75,000.").

*Clear Choice Constr., LLC v. Travelers Home and Marine Ins. Co.*, 0:17-1890-MBSm, 2018 WL 718960, *2 (D.S.C. Feb. 6, 2018).

16. Further, in a declaratory judgment involving insurance coverage, the value of the insurance proceeds is considered the "object of the litigation". *See, e.g., Thomas*, 2015 WL 7313864 at *4 ("the Court finds the value of the insurance proceeds from Holloman's policies—"'the object of the litigation'" in this declaratory judgment action—exceed the jurisdictional amount required for diversity under 28 U.S.C. § 1332(a)."). In the Complaint that is the subject of this Notice of Removal, Plaintiff correctly alleges that its commercial general liability policy issued by Hiscox (the "Policy") provides limits of $2,000,000 per occurrence and $2,000,000 in the aggregate.

17. Finally, should it be determined that Hiscox has a duty to defend Plaintiff in the Underlying Suit, the defense costs would not be insignificant. A review of the docket for the Underlying Suit reflects that it is in its early stages – the complaint has been amended once already and a counterclaim has been filed and answered.

18. Thus, damages sought from the Defendant in this action exceed the sum of $75,000.00, exclusive of interest and costs; therefore, this action is one that may be removed to this Court by the Defendant pursuant 28 U.S.C. § 1441.

19. There are no co-defendants named in the lawsuit and, consequently, no co-defendants' consent to the removal is required.

20. Accordingly, the state court action may be removed to this Court in accordance with the provisions set forth above and given the diversity of citizenship and amount in controversy.

## **FILING OF REMOVAL PAPERS**

21. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice for Removal is being served on all parties and filed with the Clerk of Court, Charleston County Courthouse, where this case was originally filed.

22. Defendant, Hiscox Insurance Company, Inc., files herewith as Exhibit A copies of all process, pleadings and orders served upon it in this action as part of this Notice.

WHEREFORE, Defendant, Hiscox Insurance Company, Inc., respectfully requests that this Court will consider this Notice for Removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to effect the removal of this cause of action from the Court of Common Pleas, Charleston County, to this Court; and that this Court will make such orders as may be appropriate to effect the preparation and filing of a true record of all proceedings that may have been had in the circuit court.

        HOOD LAW FIRM, LLC
        172 Meeting Street
        Post Office Box 1508
        Charleston, SC 2941/02
        Ph: (843) 577-4435
        Fx: (843) 722-1630
        E: Info@hoodlaw.com


        *s/ Virginia Rogers Floyd*
        J. Blanton O'Neal, IV (7602)
        blanton.oneal@hoodlaw.com
        Virginia Rogers Floyd (12212)
        virginia.floyd@hoodlaw.com

        ***Attorneys for the Defendant***
        ***Hiscox Insurance Company, Inc.***

November 22, 2024
Charleston, South Carolina

## **VERIFICATION**

The undersigned attorney affirms and states:

That she is one of the attorneys for the Defendant herein and is authorized to sign this Notice of Removal for the Defendant. That she has prepared and read the foregoing Notice of Removal and the matters and things therein are true as she verily believes.

*s/ Virginia Rogers Floyd*
J. Blanton O'Neal, IV (7602)
Virginia R. Floyd (12212)

8