Exhibit A

ELECTRONICALLY FILED - 2024 Oct 18 9:21 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005242

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | |
| | ) | CASE NUMBER: 2024-CP-10-_____ |
| Douglas Pinner d/b/a Pinner Energy, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | SUMMONS |
| | ) | |
| Hiscox Insurance Company, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

TO DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to Answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscriber at her office, 941 Houston Northcutt Blvd., Suite 204, Mt. Pleasant, South Carolina 29464, within thirty (30) days after service hereof; exclusive of the day of such service; and if you fail to Answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for relief demanded in the Complaint.

Respectfully submitted,

BETH SANTILLI LAW, LLC
ATTORNEYS FOR PLAINTIFF

/s/ Beth Santilli

_____
Beth Santilli, Esquire (SC Bar No. 100407)
941 Houston Northcutt Blvd., Suite 204
Mt. Pleasant, South Carolina 29464
Tele. No. (843) 216-0009
Fax No. (843) 216-1914
Beth@BethSantilliLaw.com

Mt. Pleasant, SC
October 18, 2024

Exhibit A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF CHARLESTON ) <br> ) <br> Douglas Pinner d/b/a Pinner Energy, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Hiscox Insurance Company, Inc., ) <br> ) <br> Defendant. ) <br> _____) | IN THE COURT OF COMMON PLEAS <br> NINTH JUDICIAL CIRCUIT <br> <br> CASE NUMBER: 2024-CP-10-_____ <br> <br> <br> **COMPLAINT** <br> (DECLARATORY JUDGMENT) |

**NOW COMES** Plaintiff, Douglas Pinner d/b/a Pinner Energy, against the above-named Defendant, Hiscox Insurance Company, Inc., and states the following:

**GENERAL ALLEGATIONS**

1. Plaintiff, Douglas Pinner d/b/a Pinner Energy ("Plaintiff" or "Pinner"), is a citizen and resident of the County of Charleston, State of South Carolina doing business as Pinner Energy.

2. Upon information and belief, Defendant, Hiscox Insurance Company, Inc. ("Defendant" or "Hiscox"), is an insurance corporation organized and existing pursuant to the laws of the State of Illinois with a home office address of 30 N. Lasalle Street, Suite 1760, Chicago, IL 60602.

3. This Court has jurisdiction over the subject matter and the parties to this action and the venue is proper.

**FACTS**

4. On December 1, 2020, Gregory W. Mappus ("Mappus") hired Pinner to lift a house located at 3551 Old Ferry Road, Johns Island, SC 29455 and move it across the street to 3560 Old Ferry Rd, Johns Island, SC 29455. Pinner was to perform renovation on the house once it was moved to its final location.

Exhibit A

ELECTRONICALLY FILED - 2024 Oct 18 9:21 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005242

5.  On February 2, 2021, Pinner lifted the house.

6.  On March 17, 2021, Pinner moved the house to its designated location.

7.  At some point after the house was moved, Mappus alleged that Pinner damaged the house while the house was being lifted or moved by Pinner (the "Occurrence").

8.  At the time of the Occurrence, Pinner owned a commercial general liability policy purchased from Hiscox with policy number UDC-XXXXX0627-CGL-20 covering the period from May 15, 2020 through May 15, 2021 with limits of $2,000,000 for each occurrence and $2,000,000 as a general aggregate with no deductible.

9.  On October 11, 2021, Mappus, through counsel, contacted Hiscox to report the claim who directed counsel to work with Clyde Baker from Crawford and Company, a third-party claims administrator for Hiscox.

10. Later in October 2021, Clyde Baker sent an adjuster to the house to investigate the claim. Hiscox did not produce a written response to the investigation, and upon information and belief, Clyde Baker was unwilling to provide details regarding the investigation.

11. On December 20, 2021, counsel for Mappus wrote an email to Clyde Baker stating that Mappus had started the permitting process for demolition of the house with demolition starting after January 1, 2022 so Hiscox had until the end of the year to complete the investigation and tender a defense and/or coverage.

12. In late December 2021 or early January 2022, Clyde Baker sent out another adjuster to the house to continue the investigation. Again, Hiscox did not produce a written response to the investigation, and upon information and belief, Clyde Baker was still unwilling to provide details regarding the investigation.

13. Also, in January 2022, after the second adjuster investigated the house, Mappus hired a contractor to demolish and remove the house as well as dispose of Pinner's equipment that supported the structure.

14. On March 11, 2022, Hiscox issued a First Declination Letter denying the claim.

15. The First Declination Letter was conclusionary as it merely stated that the claim did not meet the definition of "bodily injury", "property damage", "personal and advertising injury", or "occurrence" in the insurance policy without further explanation.

16. Likewise, the First Declination Letter stated that even if coverage were triggered, the claim would be excluded from coverage based on contractual liability exclusions because insurance coverage does not apply to the allegations of "bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement even though no contract between Mappus and Pinner contained an assumption of liability.

17. Further, the First Declination Letter stated that faulty work in and of itself does not constitute "property damage" as defined by the insurance policy without further explanation.

18. Lastly, the First Declination Letter stated that even if coverage were triggered, exclusions would still apply because the building would be considered personal property once it was removed from the original foundation before it was reinstalled on a permanent foundation without any legal cites or policy cites to support this assertion.

19. On August 11, 2022, Mappus filed the original Complaint and served it on Pinner.

20. Hiscox refused to tender a defense and provide coverage for two (2) causes of action including Breach of Contract and Professional Negligence. Although Hiscox outright denied

ELECTRONICALLY FILED - 2024 Oct 18 9:21 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005242

tendering a defense and providing coverage, Hiscox did not issue a Declination Letter. However, the Second Declination Letter dated November 1, 2023 addressed the denial in writing.

21. For the first cause of action (*Breach of Contract*) in the original Complaint, Hiscox stated in the Second Declination Letter that Breach of Contract was an intentional act and was not an "occurrence" or "property damage" as defined by the policy, and that the exclusion for contractual liability "bodily injury" or "property damage" applied because the insured was obligated to pay damages by reason of the assumption of liability in a contract or agreement even though there was no assumption of liability in the contract between Mappus and Pinner.

22. For the second cause of action (*Professional Negligence*) in the original Complaint, Hiscox stated in the Second Declination Letter that because the entire dwelling was Pinner's work, the claim was excluded because there were no resultant damages to trigger coverage.

23. Hiscox also cited in the Second Declination Letter the exclusion for professional services which includes "bodily injury", "property damage", or "personal and advertising injury" caused by the rendering or failure to render any professional service even through Pinner lifted and moved the house.

24. Hiscox stated in the Second Declination Letter that this exclusion applied even if the claim alleged negligence or other wrongdoing in the supervision, hiring, employment, training, or monitoring of others by an insured if the "occurrence" which caused the "bodily injury" or "property damage" or the offense which caused the "personal and advertising injury" involved the rendering or failure to render any professional service even though Pinner did indeed lift and move the house.

25. On October 13, 2023, Mappus amended the Complaint and served it on Pinner with a single cause of action alleging Breach of Duty of Care by Bailor Doug Pinner.

Exhibit A

ELECTRONICALLY FILED - 2024 Oct 18 9:21 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005242

26. On October 26, 2023, Pinner, through counsel, emailed the Amended Complaint to Clyde Baker of Crawford and Company as the third-party claims administrators for Hiscox.

27. Clyde Baker then contacted Pinner's counsel and provided the contact information for the new adjuster on the claim, Adria Keenan.

28. Pinner's counsel then called Adria Keenan of Crawford and Company to discuss the claim.

29. On November 1, 2024, Adria Keenan emailed Pinner's counsel with the Second Declination Letter.

30. In the Second Declination Letter, Hiscox refused to tender a defense and provide coverage for one (1) cause of action to include Breach of Duty of Care by Bailor Doug Pinner in the Amended Complaint.

31. For the sole cause of action (*Breach of Duty of Care by Bailor Doug Pinner*) in the Amended Complaint, Hiscox stated that the cause of action did not constitute an "occurrence" or "property damage" without explanation even though Mappus alleged in his Amended Complaint that "a portion of the house was damaged by [Pinner] while the house was being lifted or moved by [Pinner] (the "Accident")".

32. Moreover, Hiscox stated that the Amended Complaint negates coverage because of the exclusion regarding damage to personal property in the care, custody, or control of the insured even though Mappus alleged in his Amended Complaint that, "At all relevant times after the house was moved and damaged, the house remained in the sole care, custody and control of [Pinner]".

33. Lastly, the Second Declination Letter stated that the house is not real property until it is reinstated on its permanent foundation without any legal cites or policy cites supporting this assertion.

Exhibit A

ELECTRONICALLY FILED - 2024 Oct 18 9:21 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005242

## FOR A FIRST CAUSE OF ACTION
**(Declaratory Judgment with Expedited Hearing)**
(Hiscox Insurance Company, Inc.)

34. Plaintiff re-alleges and incorporates by reference the responses to the allegations of the preceding paragraphs as if set forth verbatim herein.

35. This is an insurance declaratory judgment action brought by Pinner pursuant to South Carolina Uniform Declaratory Judgments Act (S.C. Code Ann. Section 15-53-10 *et seq.*) in which Pinner seeks declaratory judgment for the purposes of determining the parties' respective rights and obligations to tender a defense under a general liability commercial policy of insurance issued by Hiscox to Pinner.

36. Pinner seeks declaratory judgment that Hiscox is obligated to tender a defense with a reservation of rights for coverage of the claim.

**WHEREFORE**, Pinner prays the Court to issue an Order for:

A. Declaratory judgment that Hiscox shall tender a defense to Pinner with a reservation of rights for coverage of the claim with an award of attorneys' fees and litigation costs as against Hiscox;

B. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

BETH SANTILLI LAW, LLC
ATTORNEYS FOR PLAINTIFF

/s/ Beth Santilli
_____
Beth Santilli, Esquire (SC Bar No. 100407)
941 Houston Northcutt Blvd., Suite 204
Mt. Pleasant, South Carolina 29464
Tele. No. (843) 216-0009
Fax No. (843) 216-1914
Beth@BethSantilliLaw.com

ELECTRONICALLY FILED - 2024 Oct 18 9:21 AM - CHARLESTON - COMMON PLEAS - CASE#2024CP1005242

Mt. Pleasant, South Carolina
October 18, 2024