**Exhibit B**

ELECTRONICALLY FILED - 2023 Oct 13 10:34 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003554

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON ) | THE NINTH JUDICIAL CIRCUIT |
| ) | |
| Gregory W. Mappus ) | CASE No.: 2022-CP-10-03554 |
| ) | |
| Plaintiff, ) | |
| ) | **AMENDED SUMMONS** |
| -vs- ) | |
| ) | |
| Douglas Pinner, individually, ) | |
| Douglas Pinner d/b/a Pinner Energy, LLC, ) | |
| and Pinner Energy LLC d/b/a DPI Structural ) | |
| Movers, ) | |
| ) | |
| Defendant. ) | |
| ) | |

TO:     DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your pleading to said Complaint upon the subscribers at their offices at 222 West Coleman Boulevard, Building 2, Mount Pleasant, South Carolina, 29464 and with this Court within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for judgment by default for the relief demanded in the Complaint.

YOU ARE HEREBY GIVEN NOTICE FURTHER, that if you fail to appear and defend to answer the Complaint as required by this Summons within thirty (30) days after the service hereof, judgment by default will be rendered against you for the relief demanded in the Complaint.

**[SIGNATURE PAGE TO FOLLOW]**

1

**Exhibit B**

ELECTRONICALLY FILED - 2023 Oct 13 10:34 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003554

 

Respectfully submitted,

COBB DILL & HAMMETT, LLC

<u>*s/Thomas Krahe II*</u>
Thomas Krahe II, Esq. (SC Bar #105297)
Hal E. Cobb, Esq. (SC Bar #100575)
Cobb Dill & Hammett, LLC
222 West Coleman Blvd.
Mount Pleasant, SC 29464
Telephone: (843) 936-6673
Facsimile: (843) 353-2583
tkrahe@cdhlawfirm.com
hcobb@cdhlawfirm.com
*Attorneys for Plaintiff*

October 13, 2023
Mount Pleasant, South Carolina

2

ELECTRONICALLY FILED - 2023 Oct 13 10:34 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003554

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF CHARLESTON ) <br> ) <br> Gregory W. Mappus ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> Douglas Pinner, individually, ) <br> Douglas Pinner d/b/a Pinner Energy, LLC, ) <br> and Pinner Energy LLC d/b/a DPI Structural ) <br> Movers, ) <br> ) <br> Defendant. ) <br> ) | IN THE COURT OF COMMON PLEAS <br> THE NINTH JUDICIAL CIRCUIT <br> <br> CASE No.: 2022-CP-10-03554 <br> <br> <br> **AMENDED COMPLAINT** |

The Plaintiff, complaining of the Defendant, alleges and says as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff, Gregory W. Mappus a/k/a Greg Mappus (the "Plaintiff"), is a citizen of Charleston County, South Carolina residing at 3551 Old Ferry Road, Charleston SC, 29455.

2. Upon information and belief, Defendant Douglas Pinner ("Defendant"), is a resident of South Carolina doing business in the state of South Carolina.

3. Upon information and belief, Defendant is also d/b/a DPI Structural Movers in South Carolina.

4. Upon information and belief, Pinner Energy, LLC (collectively with Doug Pinner "Defendants") was a North Carolina limited liability company doing business in South Carolina located at 20 Tap Drive, Asheville NC, 28803.

5. This Court has personal jurisdiction over the Defendant.

6. This Court has subject matter jurisdiction over this matter and venue is appropriate in Charleston County, South Carolina.

1

## STATEMENT OF THE FACTS

7. Plaintiff purchased a house affixed to real property located at 3551 Old Ferry Road, Johns Island, SC 29455 ("the House") on October 31, 2016.

8. Plaintiff purchased the real property located at 3560 Old Ferry Road on July 20, 2020.

9. On December 1, 2020, Plaintiff hired Defendant (the "Parties") to lift the House affixed to the real property located at 3551 Old Ferry Road, Johns Island, SC 29455 and move it across the street to another parcel located at 3560 Old Ferry Rd, Johns Island, SC 29455 in exchange for One Hundred Twenty Thousand and No/100 Dollars ($120,000.00).

10. Defendant represented himself as "Doug Pinner d/b/a Pinner Energy, LLC."

11. Defendant took lawful custody of the House on or around December 3, 2020.

12. Beginning on December 3, 2020, Plaintiff began paying Defendant for the work.

13. On February 2, 2021, the Defendant lifted the House.

14. Upon information and belief, a portion of the House was damaged by Defendant while the House was being lifted or moved by Defendant (the "Accident").

15. Although Defendant lifted the House on February 2, 2021, it was not actually moved to its designated location until March 17, 2021.

16. After moving the House, Defendant did not return to the jobsite until March 17, 2021.

17. At all relevant times after the House was moved and damaged, the House remained in the sole care, custody and control of the Defendant.

18. Plaintiff paid Defendant a collective sum of Seventy-Three Thousand Five Hundred and No/100 Dollars ($73,500.00) over five (5) draw payments.

2

ELECTRONICALLY FILED - 2023 Oct 13 10:34 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003554

## FOR A FIRST CAUSE OF ACTION
### (Breach of the Duty of Care by the Bailor Doug Pinner)

19. The Plaintiff reiterates every prior paragraph of this Complaint as fully as if set forth herein verbatim.

20. Defendant held himself out to Plaintiff as an experienced and knowledgeable construction professional capable of performing the work agreed to in a workmanlike manner.

21. The terms of the agreement between the Parties undoubtedly created a bailment for the mutual benefit of the Parties.

22. Defendant accepted lawful custody of the House and Plaintiff delivered the House to Defendant in good condition.

23. Defendant returned the House to Plaintiff in a severely damaged and unusable condition.

24. The Occurrence was a result of Defendant's actions, and Plaintiff suffered damages because of Defendant's failure to reasonably maintain and protect the House, as the House was ultimately destroyed.

25. Defendant, as bailee, breached the duty care toward the subject property, particularly as follows:

    1. Defendant caused damage to the House,
    2. Failed to safeguard the House from the elements,
    3. Allowed the House to deteriorate, and
    4. Caused waste.
    5. Failed to return the House to Plaintiff in a useable condition.

26. While in Defendant's care, the House deteriorated to the point where it ultimately had to be demolished at Plaintiff's expense.

ELECTRONICALLY FILED - 2023 Oct 13 10:34 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003554

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant for an amount to be ascertained by the jury at the trial of this action for all damages, punitive and actual, for the costs and disbursement of this action, and both prejudgment and post judgment interest, and for such other and further relief, in law or in equity, as this court may deem just and proper.

    Respectfully submitted,

    COBB DILL & HAMMETT, LLC

    s/*Thomas Krahe II*
    Thomas Krahe II, Esq. (SC Bar #105297)
    Hal E. Cobb, Esq. (SC Bar #100575)
    Cobb Dill & Hammett, LLC
    222 West Coleman Blvd.
    Mount Pleasant, SC 29464
    Telephone: (843) 936-6673
    Facsimile: (843) 353-2583
    tkrahe@cdhlawfirm.com
    hcobb@cdhlawfirm.com
    *Attorneys for Plaintiff*

October 13, 2023
Mount Pleasant, South Carolina